## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:06CR202 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | TENTATIVE FINDINGS |
| | ) | |
| ANTHONY BIRDINE, | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 77; Addendum to PSR). The government has adopted the PSR. (Filing No. 75.) *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant objects to a number of paragraphs in the PSR. The objections are discussed below.

### ¶¶ 11-27 - Version of the Offense

The objections to the government's version of the offense are denied, as the Court is not at liberty to change this information.

### ¶¶ 29, 36, 39, 41 and 44 - Drug Quantity

The Defendant objects generally to the drug quantity. The objection is denied as to quantities testified to at trial. *See, e.g., United States v. Randolph,* 101 F.3d 607, 609 (8th Cir. 1996) (a sentencing court may rely on trial evidence in determining drug quantity). However, the objection will be heard at sentencing with respect to any amounts not proved

at trial.  If the parties need more than thirty (30) minutes for the sentencing hearing, they must immediately contact Edward Champion and reschedule the hearing.

### ¶¶ 120-123 & 127 - Criminal History

The Defendant does not argue that the criminal history point calculations incorrect. Rather, the Defendant's argument appears to be a motion for downward departure based on over representation of criminal history.  The Defendant has 51 criminal history points, reduced to 25 through the application of U.S.S.G. § 4A1.1(c).  After applying U.S.S.G. § 4A1.1(d), the total becomes 28 points.  Placement in criminal history category VI is established by 13 or more points.  The Defendant's criminal history includes a steady series of criminal activity since age 13.  Category VI accurately reflects his criminal activity, and the motion is denied.

### ¶¶ 148-150 - Statutory and Guideline Provisions

The Defendant generally objects to the summary paragraphs stating the statutory and guideline penalties.  No specific objections were made, and it appears that the objection relates to accompanying objections relating to drug quantity and criminal history points.  The objection is denied, and the Court notes that if after an evidentiary hearing the drug quantity is altered the Court will apply the proper guideline calculation.

IT IS ORDERED:

1.     The Defendant's objections to ¶¶ 11-27 and 148-150 of the PSR (Filing No. 77) are denied;

2.     The Defendant's objections to ¶¶ 29, 36, 39, 41 and 44 (drug quantity) of the PSR will be heard at sentencing only to the extent that the Court will hear evidence not previously heard at trial;

2

3.      The Defendant's objections to ¶¶ 120-123 and 127 of the PSR, considered as a motion for downward departure based on overstatement of criminal history, are denied;

4.      Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

5.      If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

6.      Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

7.      Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 12th day of January, 2007.

                                        BY THE COURT:

                                        S/ Laurie Smith Camp
                                        United States District Judge