IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:06CR202 |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| ANTHONY BIRDINE, | ) | |
| Defendant. | ) | |

This matter is before the Court on the merits of the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 123) filed by the Defendant, Anthony Birdine. On initial review, the Court dismissed Claims One, Three, and Four and required the government to answer Claim Two. In Claim Two, Birdine argues that he received ineffective assistance of counsel and, had his attorney properly advised him, he would have pleaded guilty and not gone to trial.

## FACTUAL BACKGROUND

Birdine was found guilty after a jury trial of four counts of the Superseding Indictment charging him with: conspiracy to distribute and possess with intent to distribute at least 50 grams of a mixture or substance containing a detectable amount of cocaine base, i.e., crack cocaine (Count I); distributing a mixture or substance containing cocaine base (Counts II and III); and possession with intent to distribute a mixture or substance containing cocaine base (Count IV). (Filing Nos. 59-66.) Birdine was also found guilty of Count V, which charged him with criminal forfeiture. An Information was filed under 21 U.S.C. § 851 alleging two prior convictions. On February 12, 2007, Birdine was sentenced to life imprisonment on Count I, and concurrent terms of 360 months imprisonment on each of Counts II, III, and IV. Birdine's sentencing guideline range was 360 months to life, based

on a total offense level of 38 and placement in criminal history category VI. (Filing No. 86.) Because of the Information filed under § 851, Birdine was subject to a mandatory life sentence on Count I. The Eighth Circuit affirmed Birdine's conviction and sentence on direct appeal, concluding: the evidence was sufficient to support his convictions; this Court did not err in applying the sentencing enhancement under § 851; the enhancement under U.S.S.G. § 3B1.4 for using or attempting to use a minor to commit the offense was properly applied. The Eighth Circuit also denied Birdine's petitions for rehearing and rehearing en banc. Birdine's § 2255 motion is timely.

In his motion, Birdine argues with respect to Count II that his trial counsel was ineffective in failing to offer him the option of pleading guilty without cooperating and in encouraging him to go to trial.

## DISCUSSION

In order to establish ineffective assistance of counsel, Birdine must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*. at 687.

Birdine argues that counsel misled the Court with respect to Birdine's wishes and also advised Birdine to go to trial when Birdine refused to cooperate. Birdine states that, had his counsel properly informed the Court that he wished to plead guilty without

2

cooperating, a plea agreement would have been reached. Birdine asserts that the evidence before the Court creates a factual issue entitling him to an evidentiary hearing.

In support of his argument, Birdine points to a copy of a proposed plea agreement attached to his motion dated October 4, 2006. The plea agreement is a noncooperation plea agreement in which the government agreed to dismiss the Information filed under 21 U.S.C. § 851. (Filing No. 123, 1t 10-13.) The government also included in its evidence a noncooperation plea agreement dated October 12, 2006, in which the government agreed to dismiss the § 851 Information. (Filing No. 130, Ex. 2.) The government's evidence also includes an affidavit of defense counsel Donald Schense, and a letter and an e-mail from Schense to Robert Cryne, then Assistant United States Attorney in this case. (Ex. 130.) The government's brief includes a substantial portion of Schense's pretrial sworn inquiry of Birdine. (Filing No. 129 (quoting Filing No. 97 (Trial Transcript), 10:4-13:20).) Under oath, Birdine testified as follows: Schense had discussed with him documents received from the government's attorney, the evidence, and proposed plea agreements; Birdine wanted to go to trial, against Schense's advice, Schense told him about the consequences of the § 851 Information, including facing a life sentence; and as of the day of trial, Birdine still wished to proceed to trial against Schense's advice. (Filing No. 97, 11:3-13:20.)

A § 2255 motion may be denied without an evidentiary hearing when the record "conclusively" shows that the movant is not entitled to relief. *Noe v. United States,* 2010 WL 1373196, at *7 (8th Cir. 2010). Birdine's assertions made in his affidavit (Filing No. 124) are overwhelmingly refuted by the other evidence and the record, including his own sworn testimony on the day of trial. His argument that he was not allowed to plead guilty without

cooperation is disproved by the proposed noncooperation plea agreements. The record includes no factual support for Birdine's claim.

## CONCLUSION

Birdine has proved neither *Strickland* prong. Because the record conclusively shows that Birdine is not entitled to relief, Claim Two of Birdine's motion is denied without an evidentiary hearing.

IT IS ORDERED:

1. The Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 123) is denied in its entirety;

2. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address; and

3. A separate Judgment will be filed.

DATED this 20th day of April, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge