IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  8:06CR202 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | MEMORANDUM AND ORDER |
| ANTHONY BIRDINE, | ) ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's pro se Motion Pursuant to Fed. R. Civ. P. 60(b) (Filing No. 151) and Request for a Certificate of Appealability (Filing No. 152).

On April 20, 2010, the Court issued a Judgment denying the § 2255 motion filed by the Defendant, Anthony Birdine. Claims One, Three, and Four were dismissed on initial review, and Claim Two was denied on its merits. The Court then denied Birdine's motion for reconsideration. This Court and the Eighth Circuit Court of Appeals denied the Birdine's motion for a certificate of appealability. On January 12, 2011, the Eighth Circuit denied Birdine's petition for rehearing en banc and for rehearing by the panel.

Birdine then requested relief under Federal Rule of Civil Procedure 60(b)(4) and (6). Although he raised new, novel arguments, the Court determined that he could not relitigate his § 2255 motion through Rule 60(b) in what was essentially a successive motion filed without the Eighth Circuit's approval. The Defendant's Motion requesting relief under Rule 60(b) and his Request for a Certificate of Appealability followed.

**Rule 60(b) Motion**

Birdine argues that the Court erred in denying his § 2255 motion without an evidentiary hearing when the evidence showed a "genuine issue of material fact."

Specifically, Birdine argues that his attorney was ineffective in misleading him with respect to the amount of time he faced. Birdine claims that had he received accurate advice he would not have gone to trial but rather would have pleaded guilty. As the Court stated in its Memorandum and Order denying the relevant claim in his § 2255 motion, the assertions made in Birdine's affidavit filed in support of his § 2255 motion were refuted by the record, including Birdine's own sworn testimony on the day of trial. On the day of trial, Birdine testified in a pretrial sworn inquiry by his attorney that he wished to proceed to trial against his attorney's advice after discussions with his attorney regarding documents received form the government, the evidence, and proposed plea agreements, as well as the consequence of facing a sentence of life imprisonment due to the government's filing of an Information under 21 U.S.C. § 851. The Court stated that Birdine's argument that he was not allowed to plead guilty without cooperating was disproved by the proposed noncooperation plea agreements. The Court concluded that the record included no factual support for Birdine's claims.

As stated in the Court's previous order denying Birdine's previous motion to reopen his § 2255 proceeding, "he may not relitigate his § 2255 motion through Rule 60(b) in what is essentially a successive motion filed without the Eighth Circuit's approval." (Filing No. 150 (citing *United States v. Matlock,* 107 F. App'x 697, 698 (8th Cir. 2004); *Mathenia v. Delo,* 99 F.3d 1476, 1480 (8th Cir. 1996)). Therefore, Birdine's Rule 60(b) motion is denied. The Court advises Birdine that this issue has been fully litigated in this Court and the Eighth Circuit, and any repeated attempts to relitigate the same issue in this Court will be summarily denied.

**Request for a Certificate of Appealability**

Rule 9 of the Rules Governing Section 2255 Proceedings states, in pertinent part, that "[b]efore presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion." In other words, because Birdine seeks to file a successive § 2255 motion, he must first obtain permission from the Eighth Circuit Court of Appeals to do so.

The request for a certificate of appealability is denied for lack of jurisdiction. Birdine must raise his request before the Eighth Circuit Court of Appeals.

IT IS ORDERED:

1. The Defendant's pro se Motion Pursuant to Fed. R. Civ. P. 60(b) (Filing No. 151) is denied;

2. The Defendant's Request for a Certificate of Appealability (Filing No. 152) is denied for lack of jurisdiction; and

3. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 2nd day of May, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge