# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>     vs.<br><br>ANTHONY BIRDINE,<br><br>                  Defendant. | 8:06CR202<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the Defendant's "Motion Petitioning the Honorable Court Pursuant to Section 404 of the First Step Act's Retroactive Application of Fair Sentencing Act of 2010," ECF No. 168 and 169.[1]

The Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010), effective August 3, 2010, reduced the penalties for certain crack cocaine offenses. The First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), permits but does not require sentencing judges to reduce sentences imposed prior to the Fair Sentencing Act.

Defendant Anthony Birdine was sentenced on February 12, 2007, to a term of life imprisonment on Count I of the Superseding Indictment (Conspiracy to Distribute or Possess with Intent to Distribute Cocaine Base), and 360 months each, concurrent, on Counts II III, and IV of the Superseding Indictment (Distribution or Possession with Intent to Distribute Cocaine Base). He was held responsible for at least six kilograms of cocaine base, and his life sentence on Count I was mandated by 21 U.S.C. § 841(b)(1) and § 851,

---

[1] This Court considers General Order 2019-01 to be inapplicable. The retroactive sentencing worksheet, ECF No. 170, was prepared at the request of the undersigned, and the Court is not appointing the Federal Public Defender or his designee to pursue the Defendant's Motion.

because of his prior convictions for felony drug offenses. He appealed, and his convictions and sentences were affirmed.

The Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010), effective August 3, 2010, reduced the penalties for certain crack cocaine offenses, but did not alter the language of 21 U.S.C. § 841(b)(1) and § 851 that mandated Birdine's life sentence on Count I of the Superseding Indictment. Section 401 of the First Step Act does amend 21 U.S.C. § 841(b)(1)(A) by reducing the mandatory term of life imprisonment to a term of imprisonment of not less than 25 years. However, Section 401 of the First Step Act applies to offenses committed before the date of enactment of the First Step Act only if the sentence for the offense was not imposed as of that date.

Accordingly, the First Step Act provides no relief for Birdine.[2]

IT IS ORDERED:

1. The Defendant's "Motion Petitioning the Honorable Court Pursuant to Section 404 of the First Step Act's Retroactive Application of Fair Sentencing Act of 2010," ECF No. 168 and 169, is denied;
2. The Clerk will mail a copy of this Memorandum and Order to the Defendant at his last known address.

Dated this 3rd day of April 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge

---

[2] The Court construes Birdine's Motion as seeking relief with respect to his life sentence under Count I of the Superseding Indictment only. Accordingly, if Birdine were to obtain a commutation of his sentence on Count I to a term of incarceration less than 360 months, this Order will not bar him from seeking relief under Section 404 of the First Step Act with respect to his sentences under Counts II, III, and IV.