# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>ANTHONY BIRDINE,<br><br>　　　　　　　Defendant. | 8:06CR202<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on remand from the U.S. Court of Appeals for the Eighth Circuit. See *United States v. Birdine*, 962 F.3d 1032 (8th Cir. 2020).

On April 3, 2019, this Court denied Birdine's motion for a reduction in his sentence pursuant to the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010), which reduced the penalties for certain crack cocaine offenses, and the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), which permits but does not require sentencing judges to reduce sentences imposed prior to effective date of the Fair Sentencing Act. This Court's conclusion that Birdine was not eligible for relief under the First Step Act was erroneous in view of the Circuit's later decision in *United States v. McDonald,* 944 F.3d 769 (8th Cir. 2019), holding that '[t]he First Step Act applies to offenses, not [relevant] conduct, see First Step Act § 404(a), and it is [defendant's] statute of conviction that determines his eligibility for relief." *Id.* at 772.

Defendant Anthony Birdine was sentenced on February 12, 2007, to a term of life imprisonment on Count I of the Superseding Indictment (Conspiracy to Distribute or Possess with Intent to Distribute 50 grams or more of Cocaine Base), and 360 months each, concurrent, on Counts II and III (Distribution of Cocaine Base), and IV (Possession

with Intent to Distribute Cocaine Base).  He was held responsible for at least six kilograms of cocaine base, and his life sentence on Count I was mandated by 21 U.S.C. § 841(b)(1) and § 851, because of his prior convictions for felony drug offenses.  He appealed, and his convictions and sentences were affirmed.  See *United States v. Birdine*, 515 F.3d 842 (8th Cir. 2008).

>As the Circuit Court noted in its recent opinion:
>
>Because Birdine was indicted and convicted for only fifty grams for cocaine base, under the reasoning in *McDonald,* Birdine's Count I must now be considered a "B felony" under 21 U.S.C. § 841(b)(1)(B)(iii) (involving at least twenty-eight grams of cocaine base), and Birdine avoids the mandatory life sentence that was imposed in 2007 as an "A felony" under § 841(b)(1)(A).  As a "B felony," and because Birdine still has a prior felony drug offense conviction, the statutory sentencing range is "not . . . less than 10 years and not more than life imprisonment."  21 U.S.C. § 841(b)(1)(B)(iii).  Thus, while Birdine is still subject to a possible life sentence on Count I, it is no longer mandatory.

*Birdine,* 962 F.3d at 1034 (footnote omitted).

Birdine's new sentencing range under the U.S. Sentencing Guidelines is 324 to 405 months on Count I and 324 to 360 months on Counts II – IV.  See Revised Retroactive Sentencing Worksheet, ECF No. 185.  Birdine seeks a reduction of his sentences to 324 months on all Counts, to run concurrently.  The Government opposes any sentence reduction, noting Birdine's extensive criminal history and the vast scope of the drug conspiracy.

When exercising its discretion to reduce a sentence pursuant to the First Step Act and the Fair Sentencing Act—or to decline to do so—the Court may consider several equities.  First, it is logical to infer that the Government would have charged Birdine in Count I with conspiracy to distribute 280 grams or more of a mixture of substance

containing cocaine base, under § 841(b)(1)(A), if the statute had been so worded at the time. With a conviction under § 841(b)(1)(A) in 2007, and his prior felony drug convictions, a life sentence would have been mandated, and the First Step Act would provide him with no relief.[1]  Second, it must be recognized that in passing the Fair Sentencing Act and First Step Act, congress intended to diminish sentencing disparities for crack cocaine and powder cocaine offenses.  Third, had this Court had the option to sentence Birdine within the newly calculated Guideline ranges in 2007, the Court would not have imposed a life sentence.  Nor would the Court have imposed sentences at the lowest end of the Guideline ranges.  Birdine's criminal history is extensive.  The overarching sentencing factor under 18 U.S.C. § 3553(a) would have been the protection of the public through the isolation and incapacitation of Birdine.  That said, his efforts to attain an education and vocational skills while incarcerated are commendable, and although his disciplinary record in the Bureau of Prisons is not perfect, it is not egregious.

The Court will exercise its discretion under the First Step Act to reduce Birdine's sentence on Count I of the Indictment to a term of 360 months incarceration.  All the other terms and conditions of the original Judgment and Commitment Order will remain the same.

IT IS ORDERED:

1. The Defendant Anthony Birdine's term of incarceration on Count I of the Superseding Indictment is reduced from life to 360 months, and all other terms and conditions in the original Judgment and Commitment Order, ECF No. 88, will remain unchanged; and

---

[1] Section 401 of the First Step Act lowered the mandatory life sentence in 21 U.S.C. § 402(a)(2)(A)(ii) to a sentence of not less than 25 years, but is not retroactive.

3

2. A new Judgment and Commitment Order will be issued.

Dated this 31st day of August 2020.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge