IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>vs.<br><br>ANTHONY BIRDINE<br><br>                  Defendant. | 8:06-CR-202<br><br>**ORDER** |

      This matter is before the Court on the Defendant's Motion Pursuant to 28 U.S.C. § 1651(a) and 28 U.S.C. § 2255 and Motion for Reduction of Sentence. Filing 193. The Court notes that Defendant, Anthony Birdine, filed an earlier motion under 28 U.S.C. § 2255 ("the First Motion"). Filing 123. The Court dismissed Claims One, Three, and Four of the First Motion on initial review. Filing 126. The Court dismissed Count Two of the First Motion after requiring the government to answer. Filing 132.

      A second or successive motion must be certified as provided in 28 U.S.C. § 2244 by a panel of the appropriate court of appeals to contain–

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). "'Second or successive' is a term of art and not every habeas petition that is second in time requires preauthorization." *Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir. 2011). "Where a claimant could not have raised a claim in his first habeas petition because it had not yet

arisen, he will be allowed to seek a second habeas petition without first obtaining [court of appeals] authorization." *Id.*

Birdine's primary argument is that the sentencing judge improperly relied on the presentence investigation report (PSR) in determining his base offense level. The PSR concluded that Birdine's offenses involved more than 1.5 kilograms of crack cocaine. Based on the drug weight and additional factors identified in the PSR, Birdine was sentenced at the highest base offense level. *See* Filing 81; Filing 88.

Birdine's motion is a successive motion under § 2255(h). Birdine argues that he was sentenced in violation of the Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), because the jury did not make a specific finding as to the weight of drugs involved. The rule in *Apprendi* was available to Birdine when he filed the First Motion in 2009. Birdine's own motion acknowledges that his counsel objected to the PSR on this basis before Birdine's sentencing. Birdine has not identified any new rule of constitutional law that was previously unavailable to him. Accordingly, his motion is a successive motion under § 2255.

Because Defendant's successive § 2255 Motion has not been certified by a panel of the United States Court of Appeals for the Eighth Circuit, the motion will be denied.

IT IS ORDERED:

1. Defendant's Motion Pursuant to Title 28 U.S.C. § 1651(a), 28 U.S.C. § 2255 and Motion for Reduction of Sentence, Filing 193, is denied; and

2. The Clerk will mail a copy of this Memorandum and Order to Defendant at the his last known address.

Dated this 30th day of October, 2020.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge