IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:06-CR-202 |
| vs. | |
| ANTHONY BIRDINE | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on the Defendant's Motion to Apply Amendments 706, 750, and 782 to the United States Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2). Filing 195. For the reasons stated herein, the motion will be denied.

## I. BACKGROUND

On February 12, 2007, Defendant was sentenced to a term of life imprisonment on Count I of the Superseding Indictment (Conspiracy to Distribute or Possess with Intent to Distribute 50 grams or more of Cocaine Base), and 360 months each, concurrent, on Counts II and III (Distribution of Cocaine Base), and IV (Possession with Intent to Distribute Cocaine Base). Filing 88. He was held responsible for at least six kilograms of cocaine base, and his life sentence on Count I was mandated by 21 U.S.C. § 841(b)(1) and § 851, because of his prior convictions for felony drug offenses. Filing 88; Filing 89.

Defendant appealed and his convictions and sentences were affirmed. *See United States v. Birdine*, 515 F.3d 842 (8th Cir. 2008). Defendant later applied for a sentence reduction under the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222. Filing 168, Filing 169. The Court denied Defendant's request. Filing 171. After the Court's denial, the Eighth Circuit

decided *United States v. McDonald*, 944 F.3d 769 (8th Cir. 2019). In *McDonald*, the Eighth Circuit held that the First Step Act increased the quantity of cocaine base required for an A felony from 50 to 280 grams, and a B felony from 5 to 28 grams. *Id.* at 771. Applying the holding from *McDonald*, the Eight Circuit concluded that "Birdine's Count I must now be considered a 'B felony' under 21 U.S.C. § 841(b)(1)(B)(iii) (involving at least twenty-eight grams of cocaine base)." *United States v. Birdine*, 962 F.3d 1032, 1034 (8th Cir. 2020). Based on the new sentencing range, Defendant was subject to a possible life sentence on Count I, but it was not mandatory under the statute. *Id*. Because the Court "did not have the benefit of the *McDonald* decision" when it denied Defendant's motion under the First Step Act, the Eighth Circuit reversed and remanded for the Court "to consider whether to exercise its discretion and reduce Birdine's sentence." *Id*.

Defendant's new sentencing range under the United States Sentencing Guidelines ("U.S.S.G.") was 324 to 405 months on Count I and 324 to 360 months on Counts II through IV. *See* Filing 185. On September 2, 2020, the Court[1] exercised its discretion under the First Step Act to reduce Defendant's sentence. Filing 190. The Court explained that if it had the option to sentence Defendant in 2007 within the newly calculated sentencing guidelines, the Court would not have imposed a life sentence. Filing 190 at 2. But, citing Defendant's extensive criminal history and the need to protect the public, the Court would not have sentenced Defendant at the lowest end of the guideline range. Filing 190 at 2 (citing 18 U.S.C. § 3553(a)). The Court reduced Defendant's sentence on Count I of the Indictment to a term of 360 months' incarceration. Filing 190 at 3. All the other terms and conditions of the original Judgment remained the same. Filing 190 at 3.

## II. ANALYSIS

---

[1] Due to the unexpected and untimely death of Senior District Judge Laurie Smith Camp on September 25, 2020, this matter was transferred to the undersigned judge on October 8, 2020. Filing 192.

Under 18 U.S.C. § 3582(c)(2), the Court may reduce the sentence of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." "[T]he court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Defendant seeks reduction under Amendment 706, 750, and 782 to the United States Sentencing Guidelines. Amendment 706 revised the drug quantity table set forth at U.S.S.G. § 2D1.1, and reduced by two levels the base offense levels for certain cocaine base offenses.[2] Amendment 750 arose out of the Fair Sentencing Act of 2010 and lowered the base offense levels for certain cocaine base offenses under U.S.S.G. § 2D1.1.[3] Amendment 782 also modified U.S.S.G. § 2D1.1 and lowered the base offense levels for most drug quantity offenses.[4]

Defendant argues that the Court should have reduced his base offense level by two levels for each of these amendments. Defendant explains that "[i]t's evident that the Honorable Court had to have used the wrong ratio between cocaine-powder and cocaine-base to calculate the defendants [sic] sentence" at thirty years. Filing 195 at 3. Defendant offers no other explanation or evidence to support this assertion.

Having reviewed the record, the Court finds no evidence that Amendments 706, 750, and 782 warrant a reduction in sentence. Each Amendment was already in effect at the time the Court reduced Defendant's sentence to 360 months and the Court would have considered them in

---

[2] Amendment 706, as modified by Amendment 711, went into effect on November 1, 2007, and made retroactive by Amendment 713. *United States v. Murphy*, 527 F. App'x 592, 593 (8th Cir. 2013); *United States v. Starks*, 551 F.3d 839, 840 (8th Cir. 2009).
[3] Amendment 750 went into effect on November 1, 2011, and was made retroactive by Amendment 759. *See United States v. Murphy*, 527 F. App'x 592, 593 (8th Cir. 2013).
[4] Amendment 788 made Amendment 782 retroactively applicable to defendants who had already been sentenced. Amendments 782 and 788 took effect on November 1, 2015. *See* U.S.S.G. § 1B1.10, application note 6.

imposing the sentence. Further, Defendant's drug quantity calculations and resulting guideline range were specifically evaluated in multiple motions and appeals. In imposing the 360-month sentence, the Court considered the factors in 18 U.S.C. § 3553(a), including Defendant's extensive criminal history and the need to protect the public. Having reviewed the record and considered the § 3553(a) factors, the Court concludes that Defendant's motion must be denied.

IT IS ORDERED:

1. Defendant's Motion to Apply Amendments 706, 750, and 782 pursuant to 18 U.S.C. § 3582(c)(2), Filing 195, is denied; and

2. The Clerk will mail a copy of this Memorandum and Order to Defendant at his last known address.

Dated this 9th day of February, 2021.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge