IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff,  vs.  ANTHONY BIRDINE,  Defendant. | 8:06-CR-202  ORDER |

This matter is before the Court on the defendant's Motion for Compassionate Release. Filing 219. In 2007, following convictions at trial, the defendant was sentenced to life imprisonment for Conspiracy to Distribute and Possess with Intent to Distribute Cocaine Base, and concurrent 360-month terms on related drug charges. Filing 88 (Judgment). In 2020, the late Judge Smith Camp reduced the defendant's term of imprisonment to 360 months, cumulative, under the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Filing 190 (Amended Judgment). The defendant now seeks compassionate release based on "an unusually long sentence." Filing 219 at 5. For the reasons stated below, the defendant's Motion is denied.

Under 18 U.S.C. § 3582(c)(1)(A), prisoners may move to reduce their terms of imprisonment on their own after exhausting their administrative remedies. "Exhaustion occurs at the earlier of either (1) when the prisoner has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion' on [his] behalf or (2) 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner's] facility.'" *United States v. Houck*, 2 F.4th 1082, 1083–84 (8th Cir. 2021) (alteration in original) (citing 18 U.S.C. § 3582(c)(1)(A)). Exhausting administrative remedies "is a mandatory claim-processing rule." *Id.* Here, it appears that the defendant has exhausted his administrative remedies with the BOP because more than 30 days have lapsed since the prison warden received his request. *See* Filing 219 at 8 (showing that

1

the defendant submitted a request to the warden on April 10, 2025). The Court therefore turns to the merits of his Motion.

Turning to the standards for compassionate release, 18 U.S.C. § 3582(c) provides in pertinent part:

> [T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.
> . . .
> [In addition,] in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A), (2). The burden to establish an entitlement to sentence reduction is on the prisoner. *See United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022). "[T]he district court is not required to investigate possible avenues for relief or to develop the record in support of a motion." *Id.* Nor must a district court "make a specific rejoinder to every circumstance cited in support of a reduction." *United States v. Loggins*, 966 F.3d 891, 893 (8th Cir. 2020). Furthermore, because district courts have "broad discretion" when considering whether the 18 U.S.C. § 3553(a) sentencing factors warrant early release, a district court does not abuse its discretion simply because "other district courts may have granted compassionate release for defendants with similar backgrounds." *United States v. Marcussen*, 15 F.4th 855, 859 (8th Cir. 2021).

The defendant states that his Motion for Compassionate Release is based on "other extraordinary and compelling reasons for [his] release," namely, "an unusually long sentence." Filing 219 at 4–5. The guidelines make provision for "unusually long sentence[s]," as follows:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. 1B1.13(b)(6).

Here, Judge Smith Camp already determined that the defendant was eligible for resentencing under the First Step Act and the Fair Sentencing Act. Filing 190 at 2. Prior to the First Step Act, the defendant's conviction for Conspiracy to Distribute and Possess with Intent to Distribute Cocaine Base was an "A felony," carrying a mandatory life sentence. *United States v. Birdine*, 962 F.3d 1032, 1034 (8th Cir. 2020). After the First Step Act was enacted, "Birdine's Count I must now be considered a 'B felony,'" and "the statutory sentencing range is 'not . . . less than 10 years and not more than life imprisonment.'" *Id.* (citing 21 U.S.C. § 841(b)(1)(B)(iii)). Considering the defendant's arguments for resentencing, Judge Smith Camp stated, "had this Court had the option to sentence Birdine within the newly calculated Guideline ranges in 2007, the Court would not have imposed a life sentence." Filing 190 at 3. Indeed, Judge Smith Camp weighed the sentencing factors under 18 U.S.C. § 3553(a) and resentenced the defendant to 360 months' imprisonment on Count I, to run concurrently to the defendant's other sentences. Filing 190 at 3. Thus, the defendant has already received the retroactive relief contemplated by U.S.S.G. 1B1.13(b)(6). The defendant has not identified—nor is the Court aware of—any other retroactive change in law that "may be considered in determining whether the defendant presents

an extraordinary and compelling reason." U.S.S.G. 1B1.13(b)(6). The defendant's Motion for Compassionate Release is therefore denied due to the defendant's ineligibility.

But even if the Court assumes the defendant is eligible for compassionate release, his Motion would still fail because a sentence reduction would be contrary to 18 U.S.C. § 3553(a). Under § 1B1.13, the Court "*may* reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that . . . [e]xtraordinary and compelling reasons warrant the reduction." U.S.S.G. 1B1.13 (emphasis added); *see also United States v. Rodd*, 966 F.3d 740, 747-48 (8th Cir. 2020) (upholding the denial of compassionate release where the district court assumed that the defendant had presented extraordinary and compelling reasons, but the § 3553(a) factors weighed against granting release); *United States v. Loggins*, 966 F.3d 891, 893 (8th Cir. 2020) ("The district court has broad discretion in determining whether proffered circumstances warrant a reduction in sentence.").

The relevant factors under 18 U.S.C. § 3553(a) in this case include the "nature and circumstances of the offense," "history and characteristics of the defendant," and the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence," and "protect the public." 18 U.S.C. § 3553(a). Consideration of these factors indicate that granting compassionate release in this case would be inappropriate.

Regarding the "nature and circumstances of the offense," 18 U.S.C. § 3553(a)(1), the defendant's offense conduct was troubling. A jury convicted the defendant on four counts related to distribution of cocaine base, also known as crack cocaine. *See Birdine*, 962 F.3d at 1033. The defendant was held accountable for approximately 6 kilograms of crack cocaine, an extremely potent and dangerous drug. Filing 86 at 7 (¶ 29). Equally disturbing as the offense conduct in this

4

case are the "history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The Presentence Investigation Report reflects that the defendant was convicted *over seventy times* between 1991 and 2006. Filing 86 at 9–23 (¶¶ 48–119). During this period, the defendant was convicted of myriad crimes involving drugs, violence, and DUIs, among other things. Filing 86 at 9–23 (¶¶ 48–119). His previous punishment was evidently insufficient "to afford adequate deterrence to criminal conduct," justifying his lengthy sentence now. 18 U.S.C. § 3553(a)(2)(B). And because the defendant appears wholly incapable of following the law, his incarceration will "protect the public from further crimes." 18 U.S.C. § 3553(a)(2)(C).

    The Court has also considered the remaining applicable factors under 18 U.S.C. § 3553(a) and finds that these factors do not favor reducing the defendant's sentence, either. Having evaluated the pertinent factors, the Court concludes that the defendant has failed to show that his release would not be contrary to 18 U.S.C. § 3553(a). Thus, the Court holds that the defendant has not demonstrated eligibility for compassionate release, but even if he had, the Motion would be denied. Accordingly,

    IT IS ORDERED that the defendant's Motion for Compassionate Release, Filing 219, is denied.

    Dated this 15th day of July, 2025.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge
