IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>vs.<br><br>ANTHONY BIRDINE,<br><br>              Defendant. | 8:06-CR-202<br><br><br>**ORDER ON DEFENDANT'S MOTION<br>FOR SENTENCE REDUCTION** |

      This matter is before the Court on defendant Anthony Birdine's *pro se* Motion for Sentence Reduction and Reclassification Under Retroactive Youthful Offender Amend[me]nt 829. Filing 221. The defendant brings his motion pursuant to 18 U.S.C. § 3582(c)(2), and he asks the Court to reduce his sentence in light of Amendment 829 to the United States Sentencing Guidelines. Filing 221 at 1. The defendant also requests that the Court "[a]ppoint counsel for leave to file supplement to said pro se Amendment 829 (Youthful offender) motion." Filing 221 at 2. For the reasons set out below, the defendant's Motion for Sentence Reduction and request for appointment of counsel are both denied.

      **I.  BACKGROUND**

      In 2006, a jury found the defendant guilty of one count of conspiracy to distribute or possess with intent to distribute 50 grams or more of cocaine base (Count I), two counts of distribution of cocaine base (Counts II and III), and one count of possession with intent to distribute cocaine base (Count IV). Filing 59 (Jury Verdict as to Count I); Filing 61 (Jury Verdict as to Count II); Filing 63 (Jury Verdict as to Count III); Filing 65 (Jury Verdict as to Count IV). In February of 2007, Judge

1

Laurie Smith Camp sentenced the defendant to a term of life imprisonment on Count I and 360 months' imprisonment each on Counts II, III, and IV, to be served concurrently. Filing 88 (Judgment). The defendant was held responsible for at least six kilograms of cocaine base, and his life sentence on Count I was mandated by 21 U.S.C. § 841(b)(1) and 21 U.S.C. § 851 because of his prior convictions for felony drug offenses. Filing 88; Filing 89. The Eighth Circuit Court of Appeals subsequently affirmed the defendant's conviction and sentences. *United States v. Birdine*, 515 F.3d 842, 844 (8th Cir. 2008).

The defendant then filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, Filing 123, which Judge Smith Camp denied, Filing 132. In 2019, the defendant moved for a sentence reduction under the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222. Filing 168; Filing 169. Judge Smith Camp denied the defendant's motion, Filing 171, but the Eighth Circuit reversed and remanded in light of *United States v. McDonald*, 944 F.3d 769 (8th Cir. 2019), a case that had been decided after Judge Smith Camp's denial. *United States v. Birdine*, 962 F.3d 1032, 1034 (8th Cir. 2020). In *McDonald*, the Eighth Circuit held that the First Step Act increased the quantity of cocaine base required for an A felony from 50 to 280 grams, and a B felony from 5 to 28 grams. *McDonald*, 944 F.3d at 771. Because the defendant had been indicted and convicted for only 50 grams of cocaine base, the Eighth Circuit concluded that the defendant's "Count I must now be considered a 'B felony' under 21 U.S.C. § 841(b)(1)(B)(iii)," meaning the defendant "avoids the mandatory life sentence that was imposed in 2007 as an 'A felony' under § 841(b)(1)(A)." *Birdine*, 962 F.3d at 1034. The defendant's new sentencing range was 324 to 405 months on Count I and 324 to 360 months on Counts II through IV. Filing 185. On remand, Judge Smith Camp exercised her discretion to reduce the defendant's sentence on Count I to 360 months

2

of incarceration. Filing 190. All other terms and conditions of the original Judgment remained the same. Filing 191 (Amended Judgment).

Shortly after Judge Smith Camp reduced the defendant's sentence on Count I, this case was reassigned to the undersigned due to Judge Smith Camp's unexpected and untimely death. Filing 192. Since that time, the defendant has filed five separate motions for sentence reductions under 18 U.S.C. § 3582(c), including motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and motions to reduce his sentence under 18 U.S.C. § 3582(c)(2). See Filing 193; Filing 195; Filing 211; Filing 217; Filing 219. The Court has denied all five motions. See Filing 194; Filing 196; Filing 215; Filing 218; Filing 220. Now, the defendant has filed a sixth Motion for Sentence Reduction, this time pursuant to 18 U.S.C. § 3582(c)(2). Filing 221. This motion is based on Amendment 829 to the United States Sentencing Guidelines, which went into effect on November 1, 2024.[1] Filing 221 at 1. The defendant describes Amendment 829 as "establishing the premature Youthful Offender prevision [sic] for those under 25-years old at the time of their offense." Filing 221 at 1. The defendant argues that he "was under 25-years old at the time of the prior offences used against him at sentence which was below the threshold age for classification as a premature Youthful Offender under the recent amendment." Filing 221 at 1. The defendant claims that Amendment 829 "is expressly retroactive," meaning the Court should "[r]eclassify" him as a youthful offender and "[r]educe the sentence to time served or otherwise in line with the revised guideline range." Filing 221 at 1–2.

---

[1] In his motion, the defendant claims that Amendment 829 will be effective November 1, 2025. Filing 221 at 1. This is incorrect. Amendment 829 went into effect on November 1, 2024. See U.S.S.G. § 5H1.1, Historical Note.

3

## II. LEGAL ANALYSIS

Under 18 U.S.C. § 3582(c)(2), the Court may reduce the term of imprisonment of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 944(o)." The Court's authority to reduce a sentence under this provision is not without limit, however, as the Court can only reduce a qualifying term of imprisonment "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Moreover, the Court should "consider[ ] the factors set forth in section 3553(a) to the extent that they are applicable" before granting a sentence reduction. *Id.*

Here, the defendant asks the Court to reduce his term of imprisonment based on Amendment 829 to the United States Sentencing Guidelines. Amendment 829 updated the policy statement in U.S.S.G. § 5H1.1 to address a "defendant's youthfulness at the time of the offense or prior offenses," noting that "[a] downward departure [ ] may be warranted" because of a defendant's youthfulness. Amendment 829 also identified "[c]ertain risk factors" that "may affect a youthful individual's development into the mid-20's and contribute to involvement in criminal justice systems." U.S.S.G. § 5H1.1. Regardless of the defendant's age when he committed the offenses in this case or any prior offenses, Amendment 829 is not a basis for reducing his sentence because such a reduction would not be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Specifically, the policy statement in U.S.S.G. § 1B1.10(a)(2)(A) provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . none of the amendments listed in subsection (d) is applicable to the defendant." Subsection (d) of U.S.S.G. § 1B1.10 in turn outlines the amendments

4

"covered by this policy statement." Amendment 829 is not included in that list. *See* U.S.S.G. § 1B1.10(d). Thus, although the defendant claims that Amendment 829 is "expressly retroactive," Amendment 829's exclusion from the list of retroactive amendments set forth in U.S.S.G. § 1B1.10(d) indicates otherwise. *See United States v. Koons*, 850 F.3d 973, 976 (8th Cir. 2017) (explaining that "[t]he applicable policy statement, U.S.S.G. § 1B1.10, provides that a defendant is eligible for a discretionary § 3582(c)(2) reduction if his applicable guidelines range is lowered by a retroactive amendment listed in § 1B1.10(d)"). Because Amendment 829 does not retroactively apply to the defendant's case, it is not a ground on which the Court could reduce his sentences under 18 U.S.C. § 3582(c)(2).

Even if Amendment 829 did retroactively apply to the defendant's case, the Court would exercise its discretion to deny the defendant's request for a sentence reduction after considering the 18 U.S.C. § 3553(a) sentencing factors. *See Dillon v. United States*, 560 U.S. 817, 827 (2010) ("At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case."). As the Court has explained in multiple prior orders, the "nature and circumstances of the offense," "the history and characteristics of the defendant," and the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence," and "protect the public," all weigh against reducing the defendant's sentences. 18 U.S.C. § 3553(a).

Finally, it is well established that the defendant does not have a "right to appointed counsel in sentence modification proceedings under § 3582(c)." *United States v. Harris*, 568 F.3d 666, 669 (8th Cir. 2009) (per curiam). Because the defendant's Motion for Sentence Reduction fails on the

5

merits, the Court concludes that the interests of justice do not require the Court to appoint counsel to assist the defendant in this matter.

### III. CONCLUSION

For the foregoing reasons, the defendant's motion for a reduction in his sentences pursuant to 18 U.S.C. § 3582(c)(2) and based on Amendment 829 is denied. Accordingly,

IT IS ORDERED:

1. The defendant's Motion for Sentence Reduction and Reclassification Under Retroactive Youthful Offender Amend[me]nt 829, Filing 221, is denied; and

2. The Clerk will mail a copy of this Memorandum and Order to the defendant at his last known address.

Dated this 23rd day of October, 2025.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge